UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STEPHEN ANTHONY ALLEN, #185296,

        Petitioner,

v.

        Case Number 07-11508
        Honorable Thomas L. Ludington

DOUG VASBINDER,

        Respondent.
_____/

## OPINION & ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

This matter is before the Court on Petitioner Stephen Anthony Allen's ("Petitioner") pro se request for habeas relief pursuant to 28 U.S.C. §2254. Petitioner is a state prisoner confined at Lakeland Correctional Facility in Ionia, Michigan, where Kenneth T. McKee is the warden. When Petitioner originally filed his habeas petition, he was housed at G. Robert Cotton Correctional Facility in Jackson, Michigan, where Doug Vasbinder was his warden. Petitioner pled guilty to operating a vehicle while under the influence of liquor (OUIL) in violation of Mich. Comp. Laws § 257.625(8), his third felony in violation of Mich. Comp. Laws §769.12. The instant petition challenges the constitutionality of his conviction.

Respondent moved to dismiss the petition as barred by the applicable statute of limitations period. Petitioner has not filed a responsive pleading, nor was the issue addressed in his habeas petition. The Court will **GRANT** the motion to dismiss and **DENY** the petition as time-barred.

I

The instant petition asserts that Petitioner was denied effective assistance of counsel during

the trial and appellate phases of his state prosecution. In light of the statue of limitations argument advanced in Respondent's motion to dismiss, the chronology of pleadings filed in Petitioner's appeal of his conviction are relevant.

On September 26, 2002, the trial court sentenced Petitioner to serve a term of ten to twenty-five years' imprisonment. On April 7, 2003, Petitioner filed an application for leave to appeal with the Michigan Court of Appeals, which affirmed his conviction. *People v. Allen,* No: 246153 (Mich. Ct. App. April 7, 2003). On September 29, 2003, Petitioner filed an application for leave to appeal with the Michigan Supreme Court. but was denied relief. *People v. Allen,* 469 Mich. 911; 670 N.W.2d 220 (Table). On July 15, 2005, Petitioner filed a motion for relief from judgment with the trial court. The trial court denied Petitioner's motion for relief from judgment on August 9, 2005. On March 23, 2006, Petitioner filed an application for leave to appeal with the Michigan Court of Appeals. Again, relief was denied. *People v. Allen,* No: 264978, (Mich. Ct. App. March 23, 2006). On October 31, 2006, Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Allen,* 477 Mich. 909; 722 N.W.2d 833 (2006) (Table). On March 29, 2007, Petitioner signed and dated the instant petition for writ of habeas corpus. The petition was filed by the Clerk of Court on April 3, 2007.

II

A

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations applies to an application of writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one year statute of limitation shall run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the

2

impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the application was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1). A petition for writ of habeas corpus must be dismissed where it has not been filed within the one-year statute of limitations. See *Holloway v. Jones,* 166 F.Supp.2d 1185, 1187 (E.D. Mich. 2001). Under 28 U.S.C. 2244(d)(1)(A), the one year limitations period in which to file a habeas petition runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of that time for seeking such review."

In this case, the final judgment date is when the time expired for seeking direct review from the Michigan Supreme Court's September 29, 2003 decision. Because an appellant has ninety days in which to file a petition for writ of certiorari with the United States Supreme Court under *Abela v. Martin,* whether filed or not, Petitioner still benefits from the additional ninety days being added to his statutory limitations period of time.

Consequently, Petitioner's final judgment date upon which the habeas statute of limitations began to run was December 28, 2003.[1] The statutory period, therefore, expired on December 28, 2004. Although Petitioner's application for leave to appeal was denied by the Michigan Supreme Court on September 29, 2003, Petitioner waited approximately two years before he filed his motion

---

[1] Prior to the *Lawrence v. Florida*, 480 U.S. 149 (2007) decision, following a ruling from the Michigan Supreme Court relative to a post-judgment appeal, a petitioner was allowed a ninety day certiorari period in which to file an appeal with the United States Supreme Court. *Abela v. Martin,* 348 F.3d 164, 172-73 (6th Cir. 2003), overruled by *Lawrence,* 480 U.S. 149. (2007). If the petitioner chose not to file such an appeal, following the expiration of the ninety day certiorari period, the one-year statute of limitations period would begin to run on the petitioner's habeas filing. The law in *Abela v. Martin* should apply in this case; and the ninety day certiorari period should be equitably tolled. *Lawrence* was not decided until February 20, 2007, which was after Petitioner exhausted his state court remedies.

for relief from judgment on July 15, 2005, approximately seven months after the statutory period expired. Petitioner exceeded the statutory time in which to file a habeas petition or pleadings concerning post-conviction or collateral review (i.e., motion for relief from judgment).

Although a properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending, it cannot revive the statute of limitations period. *See Hargrove v. Brigano,* 300 F.3d 717, 718 n.1 (6th Cir. 2002); 28 U.S.C. §2244(d)(2). Such a post-judgment filing can only serve to pause a clock that has not yet fully run. *Benoit v. Bock,* 237 F.Supp.2d 804, 807 (E.D. Mich. 2003). Once the limitations period has expired, collateral petitions can no longer serve to avoid a statute of limitations. Although Petitioner filed such a collateral relief post-conviction motion, it was submitted after the statute of limitations had already run. Therefore, Petitioner's application for habeas relief is time-barred.

B

The habeas limitations provision is not a jurisdictional prerequisite to habeas relief, and is thus subject to equitable tolling. See *Dunlap v. United States,* 250 F.3d 1001, 1007 (6th Cir. 2001). Nevertheless, "equitable tolling [should] be applied sparingly [.]." *Id.* at 1008. In determining whether equitable tolling is appropriate, the Court must consider: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim;" and (6) actual innocence. *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001), *cert. denied*, 534 U.S. 1057, 122 S.Ct. 649, 151 L.Ed.2d 566 (2001). "These factors are not necessarily comprehensive and they are not all relevant in all cases." *Miller v. Collins*, 305 F.3d 491,

4

495 (6th Cir. 2002). Case law further provides that some extraordinary circumstance which stands in the way of a petitioner's failure to comply with the time requirements must be shown in order to support equitable tolling. *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005); see also, *Andrews v. Orr,* 851 F.2d 146, 152 (6th Cir. 1988). "The petitioner bears the burden of establishing that he is entitled to equitable tolling" *McClendon v. Sherman,* 329 F.3d 490, 494 (6th Cir. 2003).

In this case, Petitioner did not file a responsive pleading addressing the statute of limitations issue. Nor did his petition address the issue or allege an actual innocence claim for habeas relief. Therefore, Petitioner has presented to the Court no basis upon which to find that equitable tolling is applicable in this case. Moreover, the time line of Petitioner's filings do not demonstrate Petitioner's diligence in pursuing his rights in this case. Petitioner has not otherwise shown he is entitled to equitable tolling of the one-year period and, therefore, his petition is time-barred.

C

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. §2255(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits and a certificate of appealability should issue. *See Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000). An appeal of the district court's order may be taken, if the petitioner shows that reasonable jurists would find it debatable whether the petitioner states a valid claim or the denial of a constitutional right and whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, no appeal is warranted. *Id.*

5

After conducting the required inquiry and for the reasons stated herein, the Court is satisfied that the instant procedural ruling is not debatable among reasonable jurists. No certificate of appealability is warranted in this case and any appeal would be frivolous. *See* Fed. R. App. P 24(a). The Court will deny a certificate of appealability and leave to proceed in forma pauperis on appeal.

III

Based on the foregoing analysis, the Court concludes that Petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. §2244(d) and that the statute of limitations precludes federal review of the petition.

Accordingly, it is **ORDERED** that Respondent's motion to dismiss [Dkt. # 6] is **GRANTED.**

It is further **ORDERED** that the petition for writ of habeas corpus [Dkt. # 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that a certificate of appealability and leave to proceed in forma pauperis on appeal are **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: September 10, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 10, 2008.

s/Tracy A. Jacobs
TRACY A. JACOBS